IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH R. SELLERS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-06-1249-R |
| DR. HOLCOMB, et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Oklahoma County Detention Center ("OCDC"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Service of process and a special report from the officials responsible for the OCDC were ordered [Doc. No. 18]. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The report was filed as an exhibit to Defendant Whetsel's motion to dismiss for failure to state a claim upon which relief can be granted [Doc. No. 28]; no other named Defendant has responded to Plaintiff's complaint.[1] Plaintiff has filed his response to Defendant Whetsel's motion to dismiss [Doc. No. 33], and the matter is now at issue. Also pending for disposition are Plaintiff's motions for document production [Doc. Nos. 6 and 29], for appointment of counsel [Doc. No. 7], for a medical examination [Doc. No. 8], for depositions and discovery [Doc. No. 31], and for an injunction [Doc. No. 34].

---

[1] The status of these other Defendants is more fully discussed in the status of referral section at the conclusion of this report.

**Plaintiff's Complaint**

In describing the general nature of his case, Plaintiff's complaint details various contacts he had with representatives of Defendant Correction Healthcare Management, the healthcare provider for OCDC [Doc. No. 1, sequential pp. 3 - 5]. Specifically, Plaintiff complains of failing to receive both medication for glaucoma and treatment for a broken hand. *Id.* He further contends that he submitted requests to OCDC staff regarding his medical complaints and also "[r]egarding sleeping on the floor next to the toilet, three (3) people to a 10 x 10 cell, lockdown for 23.5 hrs. a day without exercise or fresh air [and] cockroaches within the food." *Id.* at sequential p. 5. In addition, in describing "Defendant Oklahoma County Jail Administration or Commander,"[2] Plaintiff maintains that he was denied the right to go to the law library and that he had informed the "administrator" that his "court appointed attorney does not do civil rights complaints on criminal matters." *Id.* at sequential p. 3.

Count I of the complaint alleges deliberate indifference to a serious medical need but sets forth no supporting facts. *Id.* at sequential p. 7. Count II is directed specifically against the named health care Defendants, claiming a breach of contract to provide medical service. *Id.* The third and final count alleges the infliction of cruel and unconstitutional living conditions with the following supporting facts:

> The Okla Detention Center willfully to follow their own policy by deny inmate health in safely and human living condition. Three (3) to a 10 x 10 cell. Also refusal to recognize inmate grievance complaint toward C.H.M. Clinic inadequacy service toward Okla County jail inmate.

---

[2]Only the caption of Plaintiff's complaint names the "Oklahoma County Jail Sheriff." [Doc. No. 1, sequential p. 1]. Plaintiff issued service to John Whetsel, naming him as "OK. Co.. Jail Sheriff." [Doc. No. 20].

*Id.* at sequential p. 8. Plaintiff requests both compensatory and punitive damages and "a injunction, court order to transport Plaintiff to O.U. Medical for surgery to his broken hand [and] to stop all form of Administrative Retaliation." *Id.* at sequential p. 9.[3]

**Standard of Review**

**Dismissal for Failure to State a Claim**

Dismissal of a cause of action for failure to state a claim is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). In reviewing the sufficiency of a complaint under this standard, all well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to Plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Further, a pro se plaintiff's complaint should be broadly construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, this broad reading "does not relieve the [pro se] plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Issues Raised by Defendant Whetsel and Consideration of the Evidence Submitted**

In requesting dismissal of Plaintiff's complaint against him, Defendant Whetsel asserts *inter alia* that Plaintiff has failed to allege facts sufficient to bring suit against

---

[3]On July 6, 2007, Plaintiff filed a notice of change of address [Doc. No. 35]. Because Plaintiff has been released from the OCDC, his claims for injunctive relief are moot. *See Green v. Branson,* 108 F.3d 1296, 1299 - 1300 (10th Cir. 1997).

Defendant Whetsel in either his individual or official capacity. Specifically, Defendant Whetsel asserts that Plaintiff has made insufficient allegations with regard to personal participation or knowledge, to the affirmative link required for supervisory liability, to an official policy resulting in alleged violations, to deliberate indifference, to denial of access to the courts, and to actual injury. Defendant Whetsel has not moved for summary judgment in this matter, and the special report and evidence appended to his Rule 12 (b)(6) motion have not been considered by the undersigned in determining the sufficiency of Plaintiff's complaint.

**<u>Analysis</u>**

Plaintiff alleges in the caption of his complaint that he is bringing his claim against the "Oklahoma County Jail Sheriff in his individual and supervisory capacity." [Doc. No. 1, at sequential p. 1].[4] This is the only instance where this Defendant is specifically referenced by his title in Plaintiff's complaint, and he is never mentioned by name. Plaintiff does not provide any detail about the Defendant Sheriff in that portion of his complaint where he provides additional information about the other Defendants. He does describe a Defendant jail administrator or commander and alleges that he advised the administrator, presumably when requesting access to a law library, that his "court appointed attorney does not do civil rights complaints."[5] *Id.* at sequential p. 3. Plaintiff

---

[4]In his response to Defendant Whetsel's motion to dismiss, Plaintiff maintains he has sued Defendant Whetsel in both his individual and official capacity, and the undersigned has so construed the complaint [Doc. No. 33, sequential p. 2].

[5]Even if Plaintiff intended this to be a claim against Defendant Whetsel instead of the administrator of the OCDC, Plaintiff, who successfully filed the present action, has not alleged the requisite actual injury as a result of the alleged denial of access to a law library. *See Lewis v. Casey,* 518 U.S. 343, 349 - 353 (1996). *See also Carper v. DeLand,* 54 F.3d 613, 617 (10th Cir. 1995) (Fourteenth Amendment only extends to the
(continued...)

4

names the OCDC but identifies no individual in complaining of his living conditions and in complaining that his grievance against the health care provider was not "recognized." *Id.* at sequential p. 8.

As a general matter, Plaintiff has complained about the conditions of his confinement but has not alleged that he suffered injury or harm as a result of the same. Moreover, Plaintiff has not alleged that Defendant Whetsel had the requisite state of mind to satisfy the subjective component of a claim based on deliberate indifference. That component is met only if the "[prison] official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Plaintiff has failed to plead facts which would suggest that Defendant Whetsel was aware of excessive risks to Plaintiff's health and safety which he purposely disregarded.

Turning specifically to Plaintiff's complaint against Defendant Whetsel in his official capacity, any claim against the Oklahoma County sheriff in his official capacity is tantamount to an action against Oklahoma County itself. *See Lopez v. LeMaster,* 172 F.3d 756, 762 (10th Cir. 1999) ("Appellant's suit against Sheriff LeMaster in his official capacity as sheriff is the equivalent of a suit against Jackson County."). To make a viable claim of county liability, Plaintiff must allege that the wrongs about which he complains were caused by a policy or custom on the part of the county. *See Myers v. Oklahoma County Board of County Commissioners,* 151 F.3d 1313, 1320 (10th Cir. 1998). Here, Plaintiff makes no allegation that the conditions about which he complains resulted from

---

[5](...continued)
protection of an inmate's ability to file an initial pleading).

a policy of Oklahoma County which allegedly led to the conditions.[6]  Plaintiff does not allege that any official county policy was the "moving force" behind the claimed unconstitutional conditions, *see Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997), and to the extent his claim is asserted against the Oklahoma County sheriff in his official capacity, dismissal without prejudice for failure to state a claim is recommended.

To the extent that Plaintiff is maintaining a claim against Sheriff Whetsel in his individual capacity,  Plaintiff has also failed to allege facts showing that Defendant Whetsel personally participated in the alleged constitutional violations arising from the conditions of Plaintiff's confinement at the OCDC. "Personal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (citations, quotation marks and brackets omitted).   As to Defendant Whetsel's alleged supervisory capacity, "supervisor status by itself is insufficient to support liability." *Id.* "[A] plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colorado Dept. Of Corrections,* 455 F.3d 1146, 1151 (10th Cir. 2006) (citations and internal quotation marks omitted). "[T]he supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior" and a plaintiff must allege "that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Id.* (citations and internal quotations omitted).  Because Plaintiff has failed to include these essential

---

[6]In fact, Plaintiff alleges that the OCDC failed to follow its own policy [Doc. No. 1, sequential p. 8].

allegations against Defendant Whetsel in his individual capacity, dismissal of the complaint without prejudice to refiling is recommended.

**Other Pending Motions**

Also pending are Plaintiff's motion seeking medical records from named Defendant Correction Healthcare Management [Doc. No. 6]; Plaintiff's motion for an appointment of counsel to aid him with discovery and legal research [Doc. No. 7]; Plaintiff's motion for a medical examination [Doc. No. 8]; Plaintiff's second request for document production [Doc. No. 29]; and, Plaintiff's motion for depositions and discovery [Doc. No. 31]. If the undersigned's recommendation is adopted by the court and Defendant Whetsel is dismissed, there will effectively be no defendants before the court because no other named Defendant has answered or filed a responsive motion. Accordingly, it is the further recommendation of the undersigned that the foregoing motions be denied as moot subject to being reurged if Plaintiff takes further action to prosecute his complaint against the other named Defendants. Because Plaintiff has been transferred from the OCDC, *see* fn. 3 *supra,* it is recommended that Plaintiff's motion for injunctive relief [Doc. No. 34] be likewise denied on the grounds of mootness.

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Defendant Whetsel's motion to dismiss [Doc. No. 28] be granted and that Plaintiff's complaint against Defendant Whetsel be dismissed without prejudice for failure to state a claim upon which relief may be granted. If this recommendation to dismiss Defendant Whetsel is adopted, because no other named Defendants have

appeared in this action, it is further recommended that the following motions be denied as moot subject to being reasserted should Defendants subsequently appear: Motion of First Request for Production of Document [Doc. No. 6]; Motion of Appointed Counsel [Doc. No. 7]; Motion for Priority Order for Plaintiff for Medical Examination [Doc. No. 8]; Second Request to Production of Document [Doc. No. 29]; and, Motion for Depositions and Discovery [Doc. No. 31]. Denial of Plaintiff's request for an injunction [Doc. No. 34] is recommended because Plaintiff has been transferred from the OCDC and his motion for injunctive relief is moot.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 2nd day of August, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

The docket sheet in this matter reflects the return of service[7] on three additional Defendants named by Plaintiff. These remaining Defendants have filed neither a responsive pleading nor a motion within the time allowed by Rule 12 (a) (1), Fed. R. Civ. P., and Plaintiff has taken no action in this regard. Accordingly, as this Report and

---

[7]The returns indicate one instance of personal service with the remainder reflecting legal evidence of service [Doc. Nos. 21, 22, 23, and 24].

Recommendation addresses all pending issues, it terminates the referral by the District Judge in this matter.

    IT IS SO ORDERED this 12th day of July, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE