IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNETH R. SELLERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-06-1249-R |
| | ) |
| **DR. HOLCOMB, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## SECOND REPORT AND RECOMMENDATION ON INSUFFICIENCY OF PROCESS

Plaintiff, who is now in the custody of the Oklahoma Department of Corrections [Doc. No. 35], filed this action pursuant to 42 U.S.C. § 1983 complaining of violations of his constitutional rights while a pretrial detainee in the Oklahoma County Detention Center ("OCDC") [Doc. No. 1]. Now pending for determination is the second motion filed by Defendants Holcomb and Hoisington for dismissal on the ground of insufficiency of service of process [Doc. No. 70]. Plaintiff has responded to Defendants' motion [Doc. No. 78] and the matter is now at issue.

By order of November 28, 2007, Judge Russell adopted the undersigned's recommendation quashing service upon Defendants Holcomb and Hoisington – employees of Defendant, Correctional Healthcare Management of Oklahoma, Inc. ("CHMO") [Doc. No. 70, pp. 1 - 2] – and granted Plaintiff a permissive extension of time in which to effect service upon these Defendants [Doc. No 59]. The undersigned's recommendation was grounded on the fact that service was made on Ramona Gregory, an employee of Oklahoma County at the OCDC, pursuant to Plaintiff's praecipe which indicated that summons could be served at the OCDC [Doc. No. 56, p.3] rather than at the local CHMO facility located within the OCDC.

Pursuant to the undersigned's order, Plaintiff once again attempted to effect service by limiting service to the offices of Defendants' employer, CHMO [Doc. Nos. 63, 65, 67 and 68]. The returns of service were signed by Michael Cody whom Defendants acknowledge is employed by CHMO as Health Services Administrator at the OCDC. [Doc. Nos. 67, 68 and 70, p. 2]. In moving to quash service, Defendants argue that Michael Cody is not an agent of either Defendant Holcomb or Defendant Hoisington and, moreover, that Defendant Hoisington has moved to a different position within CHMO [Doc. No. 70, p. 2].

Defendants are correct in arguing that service by leaving the complaint and summons with another employee at their place – or former place – of employment is not technically valid. *See* Fed. R. Civ. P. 4 (e). Nonetheless, an incarcerated plaintiff, appearing pro se and in forma pauperis, necessarily lacks the resources to locate and provide the home addresses of named defendants. Accordingly, in lieu of recommending dismissal without prejudice pursuant to Fed. R. Civ. P. 12 (b) (5), the undersigned recommends instead that the insufficient service be quashed and that Plaintiff be given a reasonable period of time to effect proper service on the Defendants. It is likewise recommended that the court order Defendant CHMO[1] to promptly provide the United States Marshals Service with the home addresses of their employees Holcomb and Hoisington so that service in this already protracted matter may be effected. Because the 120 day time period allowed for service has expired, the undersigned further recommends that should the recommendation to quash the insufficient service on

---

[1]Defendant CHMO has filed an answer in this matter [Doc. No. 71].

2

Defendants Holcomb and Hoisington be adopted, the time period for service by Plaintiff of summons and his amended complaint on these Defendants be likewise extended for a reasonable period of time.

Defendants retain the option of advising the court that they are on actual notice of Plaintiff's complaint against them and, accordingly, waive further service of process in order that the United States Marshals Service may avoid the time and expense of service of process in this matter.

### RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that the motion of Defendants Holcomb and Hoisington seeking dismissal for insufficiency of service [Doc. No. 70] be treated as a motion to quash ineffective service of process and, as such, be granted. It is likewise recommended that the court order Defendant CHMO to promptly provide the United States Marshals Service with the home addresses of their employees Holcomb and Hoisington and that the 120-day time period for service by Plaintiff of summons and his amended complaint be extended for a reasonable period of time pursuant to Fed. R. Civ. P. 4 (m).

### NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 8th day of April, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives

the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral.

IT IS SO ORDERED this 19th day of March, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE